## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

UNITED STATES OF AMERICA                                  PLAINTIFF

v.                              No. 4:17-cr-203-DPM-12

CORNELIUS J. THOMPSON                                     DEFENDANT

### ORDER

1. Cornelius Thompson moves for immediate release under 18 U.S.C. § 3582(c)(1)(A)(i) based on the ongoing COVID-19 pandemic and the risk it presents to his health.   He's served seven months of his two-year sentence.   With good time, he expects to be released in February of next year.   Thompson submitted a compassionate release request and did not receive a timely response.   He therefore can seek relief from this Court.   18 U.S.C. § 3582(c)(1)(A).   The United States opposes any sentence reduction.

2. This Court has concluded that, since the passage of the First Step Act, courts have the discretion to identify extraordinary and compelling reasons other than those that meet the strict requirements in the Guidelines policy statement.   *Doc. 203 in United States v. Cox,* No. 4:98-cr-73-DPM.   But "those other extraordinary and compelling reasons should be comparable or analogous to what the Commission has already articulated as criteria for compassionate release." *United States v. Fox,* 2019 WL 3046086, at *3 (D. Me. 11 July 2019)

Thompson's circumstances are, in fact, comparable to those the Commission has articulated.   He is not terminally ill;   and his medical condition, on its own, is not so dire as to qualify under section (A)(ii)(I) of the Guidelines commentary.   But he's an obese black man in his mid-forties.   He suffers from congestive heart failure and high blood pressure.   He had to be hospitalized last spring for blood pressure problems.   These significant health problems will almost certainly reduce his ability to fight COVID-19 if he contracts it.   And that risk is real:   Case counts are relatively low at the La Tuna facility where Thompson is to serve his sentence.   But over the course of the pandemic, more than 500 inmates have contracted and recovered from the virus there.   https://www.bop.gov/coronavirus (accessed 13 January 2021).   Further, the transfer facility where Thompson is currently housed has more than 100 active cases among inmates and staff.   *Ibid.*   Positive cases, hospitalizations, and deaths are surging nationwide;   and we are still months away from a widespread vaccine availability.   The risk Thompson faces if he remains in prison is extraordinary and compelling.

The Court may order Thompson release only if he is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]"   USSG § 1B1.13(2).   He isn't.   Thompson has some criminal history, but the bulk of it occurred during his twenties. During his three years of pretrial supervision, he complied with all

conditions of release.   *PSR at ¶ 3.*   He has a good job waiting for him and solid support from both his family and his church.   The Court is convinced that Thompson will not endanger anyone else or the community if released.

**3.** Thompson's motion for compassionate release, *Doc. 618,* is granted.   Thompson expected to be released in late February of 2022. Instead, he must serve those thirteen months on supervised release, in addition to the three years previously imposed.   He must abide by the mandatory, standard, and special conditions in the Court's 30 June 2020 Judgment.   *Doc. 592.*   He must also abide by two new special conditions:   First, given the extent of the virus at FTC Oklahoma City, Thompson must spend the first fourteen days in home quarantine to ensure the safety of the community.   During those two weeks, he may leave home only for medical care or as directed by the probation officer. Second, Thompson must spend the first thirteen months of supervised release in home detention.   He may leave home only for work, medical appointments, probation activities, church, and school if he chooses to pursue further education.   The Court grants the probation officer discretion to authorize departures from home for anything else that will further the goals of supervision.   The Court also imposes electronic location monitoring during the thirteen months of home detention.

\*     \*     \*

Motion for compassionate release, *Doc. 618*, granted.   Judgment, *Doc. 592*, amended.   Sentence reduced to time served with a total of 49 months of supervision under the mandatory, standard, and special conditions set out in the Judgment, *Doc. 592*, and this Order.   To limit the potential spread of COVID-19, Thompson must arrange for a family or household member to pick him up from FTC Oklahoma City.   Once he's made those arrangements, the Court directs the Bureau of Prisons to release him.   Thompson must contact the United States Probation Office within seventy-two hours of his release to get instructions on reporting and supervision.   The Court directs the Clerk to provide a copy of this Order to the United States Probation Office and the United States Marshals Service.   The Court further directs the Clerk to provide a copy by both fax and mail to the Warden of FTC Oklahoma City.

So Ordered.

_N.P. Marshall Jr._____

D.P. Marshall Jr.
United States District Judge

_21 January 2021_____

- 4 -